## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **LESTER BROWN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **CASE NO. 7:09-cv-2529-SLB** |
| | } | |
| **GREENE COUNTY COMMISSION,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is currently before the court on defendant Greene County Commission's (the "Commission") Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement. (Doc. 2).[1] Plaintiff Lester Brown ("Brown") has sued the Commission for wrongful termination, alleging violations of his "rights of association, freedom of speech and other constitutional rights." (Doc. 1, Ex. 1 at ¶ 15.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Commission's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement, (Doc. 2), is due to be granted in part and denied in part.

## I. <u>MOTION TO DISMISS STANDARD OF REVIEW</u>

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

accept the allegations set forth in the complaint as true."  *Gonzalez v. McNary*, 980 F.2d

1418, 1419 (11th Cir. 1993) (citations omitted); *see also Rivell v. Private Healthcare Sys.,*

*Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief
> above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545],
> 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l
> Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  "The Supreme Court's most recent
> formulation of the pleading specificity standard is that 'stating such a claim requires
> a complaint with enough factual matter (taken as true) to suggest' the required
> element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]).  This rule
> does not "impose a probability requirement at the pleading stage." *Twombly*, [550
> U.S. at 556.  Instead, the standard "simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence" of the required element.  *Id.*  "It is
> sufficient if the complaint succeeds in 'identifying facts that are suggestive enough
> to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550
> U.S. at 556]).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is

'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala.

2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).

"[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot

conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte &

Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am.

Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

## II.  FACTUAL BACKGROUND

Brown's sixteen paragraph complaint, filed on November 10, 2009 in the Circuit

Court of Greene County, Alabama, alleges the following, which the court assumes as true for purposes of a motion to dismiss:

## Parties

1.  Plaintiff Lester Brown is an adult resident of Greene County, Alabama.

2.  Defendant Greene County Commission is the governing body of Greene County, Alabama, a subdivision of the State of Alabama.

## Facts

3.  Lester Brown was an employee of the Greene County Commission for 14 years attaining the position of foreman in the Public Works Department.

4.  In 2006, certain Greene County Commission members were being opposed by other members of the community in their efforts to be reelected and Plaintiff Brown did not assist the said commissioners in their reelection bids which rubbed them the wrong way.

5.  In 2007, certain Greene County Commission members wanted to change the manner in which residential solid waste was disposed of in Greene County and Plaintiff Brown expressed opposition to this plan.

6.  In 2007, a scheme was implemented to get rid of Plaintiff Brown by reducing his duties, refusing to provide adequate equipment to pick up residential solid waste, placing other foreman over him, attempting to and or filing chargers [sic] against him, etc.

7.  One commissioner said, "Y'all have not got rid of Lester Brown yet?"

8.  In 2008, in an official public meeting of the Greene County Commission, Plaintiff Brown, a citizen of Greene County and an elected official, expressed his opinion concerning the truthfulness of one member of the Greene County Commission on a subject before the Commission while he was off duty from his work for the Commission.

9.  The county engineer, J. D. Smith, sent a notice of dismissal dated August 18, 2009 alleging statements made in this public commission meeting as abusive conduct, insubordination and conduct unbecoming an employee.

10. Plaintiff filed a Notice of Claim with the defendant Greene County Commission.

3

## Count One

11.     Plaintiff Brown realleges paragraphs 1-10 of this complaint.

12.     Plaintiff Brown was terminated from the Greene County Commission for personal and political reasons.

13.     As a result of Defendant's unlawful actions, Plaintiff Brown suffered damages including but not limited to loss of income, loss of employment benefits, and loss of status in the community.

        **Wherefore**, Plaintiff demands of Defendant the sum of $200,000 plus closts and attorney fees.

## Count Two

14.     Plaintiff Brown realleges paragraphs 1-10 of this complaint.

15.     Plaintiff Brown was terminated for exercising his rights of association, freedom of speech and other constitutional rights.

16.     As a result of Defendant [sic] unlawful actions, Plaintiff Brown suffered the damages including but not limited to loss income, loss of employment benefits and loss of status within the community.

        **Wherefore**, Plaintiff demands of Defendant the sum of $200,000 plus costs and attorney fees.

(Doc. 1, Ex. 1 at ¶¶ 1-16.)

In response to Brown's Complaint, the Commission, on December 22, 2009, filed its Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement. (Doc. 2.) The Commission also filed a Memorandum Brief in Support. (Doc. 3.) Thereafter, Brown filed his Reply to Defendant's Motion to Dismiss or, in the Alternative Motion for a More Definite Statement on January 20, 2010. (Doc. 5.) The Commission filed a reply brief on February 3, 2010. (Doc. 6.)

4

## III. <u>DISCUSSION</u>

In its motion, the Commission argues that "the only possible claim that [Brown] could state [based on the Complaint's allegations] would be for a violation of the First Amendment as applied through 42 U.S.C. § 1983." (Doc. 3 at 2.)  The Commission contends that Brown's conduct "is not protected by the First Amendment to the U.S. Constitution so that his Complaint is due to be dismissed with prejudice" pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at 2, 7.) That said, the Commission also moves in the alternative pursuant to Fed. R. Civ. P. 12(e),[2] asking that the court order Brown "to amend his Complaint so as to state his claims more definitely." (*Id.*)  In response, Brown contends that the court should not dismiss his Complaint because it properly alleges that "[Brown] was targeted and eventually terminated due to his publicly expressed opposition to various plans, policies and practices of the Greene County Commission and some of its members in violation of his constitutional rights, freedom of speech being one of those rights." (Doc. 5 at 1.)  Brown further asserts that "the court should not require [Brown] to give a more definite statement as the Federal Rules employ the concept of notice pleading, therefore motions for more definite statements are not

---

[2] Rule 12(e) states that:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

favored."  (*Id.* at 1-2.)

The First Amendment to the U.S. Constitution clearly provides the right to freedom of speech, and the "[t]he law is well established that a state employee may not be discharged in retaliation for speech protected under the First Amendment."  *Vila v. Padron*, 484 F.3d 1334, 1339 (11th Cir. 2007) (citing *Rankin v. McPherson*, 483 U.S. 378, 383 (1987)). However, it is also well settled that "a public employee's right to freedom of speech is not absolute."  *Id.* (citing *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989)). Indeed, the United States Court of Appeals for the Eleventh Circuit has set out a test for determining whether a public employee has stated a claim of retaliation under the First Amendment:

> [A] public employee must show: (1) she was speaking as a citizen on a matter of public concern; (2) her interests as a citizen outweighed the interests of the State as an employer; and (3) the speech played a substantial or motivating role in the adverse employment action.  If the plaintiff establishes these elements, the burden shifts to the defendant to prove it would have made the same adverse employment decision absent the employee's speech.

*Id.* (citations omitted).  The Eleventh Circuit added that "[t]he first two elements are questions of law that the court decides."  *Id.* (citing *Bryson*, 888 F.2d at 1565).

In the instant case, the Commission first argues that Brown has failed to allege facts supporting the first element of the Eleventh Circuit's test.  (Doc. 3 at 4.)  The court agrees. Under that element, "[f]or an employee's speech to rise to the level of public concern, it must relate to a matter of political, social, or other concern to the community."  *Watkins v. Bowden*, 105 F.3d 1344, 1353 (11th Cir. 1997).  Thus, a distinction exists between a public

6

employee who "speaks as an employee on matters of personal interest," and a public employee who speaks "as a citizen upon matters of public concern." *See Vila*, 484 F.3d at 1339 (citation omitted). The latter form of speech is protected under the First Amendment, whereas the former is not. *Id.*

Here, the Commission maintains that Brown's speech is not a matter of public concern because Brown was merely "airing a private, personal grievance that he apparently had with one of his supervisors (i.e., one of the Commission members)." (Doc. 3 at 4.) Brown disputes the Commission's characterization of his speech and instead, as aforementioned, points out that the Complaint specifies that the Commission "targeted and eventually terminated [him] due to his publicly expressed opposition to various plans, policies and practices of the Greene County Commission and some of its members." (Doc. 5 at 1.) For that reason, Brown asserts that the Complaint properly alleges that he was "wrongfully terminated by the . . . Commission . . . in violation of his . . . freedom of speech." (*Id.*) The court finds Brown's argument to be unpersuasive.

Initially, the court agrees with the Commission that "the 2006 and 2007 incidents mentioned in the Complaint are, as a matter of law, too attenuated in time from [Brown's] termination to establish a causal connection between the termination and any protected speech in which [Brown] may have engaged." (Doc. 6 at 1-2.) To be sure, in *Higdon v. Jackson*, cited and relied upon by the Commission, (*id.*), the Eleventh Circuit stated that courts "construe the causal link element broadly," and that "'[a] plaintiff satisfies this element if [s]he provides sufficient evidence' of knowledge of the protected expression," 393

7

F.3d 1211, 1220 (11th Cir. 2004) (quoting *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n.3 (11th Cir. 2003)).  However, the Eleventh Circuit added that causation also requires "'a close temporal proximity between this awareness and the adverse . . . action.'"  *Id.* (quoting *Shotz*, 344 F.3d at 1180 n.3).  The court acknowledged that it had before "held that a period as much as one month between the protected expression and the adverse action is not too protracted," yet also cited several cases, approved of by the United States Supreme Court, which found "a three to four month disparity . . . to be insufficient to show causal connection."  *Id.* (citations omitted).  Therefore, with respect to the case before it, which involved a three month period between the plaintiff employee's protected expression and the adverse action, the Eleventh Circuit held that the temporal proximity between the events, without more, was too remote to establish a causal link.[3]  *Id.* at 1220-21.

In the instant case, the 2006 and 2007 incidents alleged in the Complaint occurred *years* prior to Brown's August 18, 2009 dismissal.  (*See* Doc. 1, Ex. 1 at ¶¶ 4-6, 9.)  Thus, without more, the temporal proximity of the incidents to Brown's termination is too remote to "allow a reasonable inference of a causal relation."  *Higdon*, 393 F.3d at 1221 (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).  The Complaint, however, fails to allege more.  Indeed, while Brown specifically alleges that the Commission terminated his employment based on what occurred during the 2008 public meeting, he has failed to present factual allegations that connect the 2006 and 2007 incidents to the 2008

---

[3] The Eleventh Circuit noted that "[a]side from the three month temporal proximity, [the plaintiff employee] ha[d] not presented any other evidence of causation." *Higdon*, 393 F.3d at 1211.

8

meeting. (*See generally* Doc. 1, Ex. 1 at ¶¶ 3-9.)  In fact, other than Brown's vague assertion that he questioned the truthfulness of one of the Commission's members regarding "a subject before the Commission," it is unclear from the Complaint what even occurred at the 2008 public meeting. (*See id.* at ¶ 8.)  Whether this particular member of the Commission was in any way involved in the 2006 and 2007 incidents is unknown.  Whether the "subject before the Commission" related in any way to reelection bids or to what Brown had previously expressed opposition towards is also unknown.  Simply put, given the "*substantial* delay" between the 2006 and 2007 incidents and the August 18, 2009 dismissal, coupled with the Complaint's lack of factual allegations otherwise connecting the events, the court finds that the Complaint fails to allege a causal connection between the 2006 and 2007 incidents and Brown's termination.  *See Higdon*, 393 F.3d at 1220-21 (emphasis added).

Because the Complaint fails to allege a causal relationship between the 2006 and 2007 incidents and Brown's termination, in determining whether the Complaint alleges factual allegations showing that Brown's speech related to a matter of public concern, the court is left only with Brown's factual allegations regarding the 2008 public meeting.  Yet because Brown does not specify the subject of the 2008 public meeting, or how the member of the Commission was supposedly untruthful, the court is left only to speculate as to whether Brown's speech "relate[d] to a matter of political, social, or other concern to the community." *Watkins*, 105 F.3d at 1353.  *Twombly* requires more.  *See* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level." (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.

2004)).  For all that, it remains that "[i]f a defendant needs more information to answer a complaint, the proper response is for that defendant to move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, rather than to move for dismissal." *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, (M.D. Ala. 2007) (citing *Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.*, 77 F.3d 364, 366 (11th Cir. 1996)).  Therefore, the court finds that the Commission's motion is due to be denied to the extent it moves for dismissal with prejudice of Brown's retaliation claim pursuant to the First Amendment.

Still, for the same reasons, the court agrees with the Commission regarding its alternative motion under Fed. R. Civ. P. 12(e).  (*See* Doc. 3 at 6-7.)  Specifically, the court agrees that the Complaint, including Brown's retaliation claim under the First Amendment, presumably brought under 42 U.S.C. § 1983, fails to allege any claims with the particularity required by Fed. R. Civ. P. 8(a), despite Brown's continued reference to multiple "causes of action" and "constitutional rights."  (*See id.*; Doc. 1, Ex. 1 at ¶¶ 11-16; Doc. 5 at 1; Doc. 6 at 2-6.)  Indeed, Rule 8(a)(2) of the Federal Rules requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  But, other than his First Amendment claim, Brown's Complaint does not even approach alleging a cause of action against the Commission.  (*See* Doc. 1, Ex. 1 at ¶¶ 11-16.)  In fact, the only other reference in the Complaint that even attempts to notice a second cause of action is Count Two's allusion to violations of "other constitutional rights."[4]  (*Id.* at ¶ 15.)  Count One offers less, alleging only

---

[4] The court likewise agrees with the Commission that, "[t]o the extent that [Brown] may be attempting to state some claim under the Alabama Constitution," that any such claims would fail as

that the Commission committed "unlawful actions." (*Id.* at ¶ 13.)  As stated by the Supreme

Court, Rule 8(a)(2) requires "enough factual matter (taken as true) to suggest [the required

element]," and it is therefore axiomatic that the Complaint must also state the underlying

legal claim.  *See Twombly*, 550 U.S. at 556.  As a result, the Commission's motion is due to

be granted to the extent it requests that the court order Brown "to make a more definite

statement of his claims."  (*See* Doc. 3 at 6-7.)


## IV.  CONCLUSION

For the foregoing reasons, the court is of the opinion that the Commission's Motion

to Dismiss or, in the Alternative, Motion for a More Definite Statement, (Doc. 2), is due to

be granted in part and denied in part.  An Order in conformity with this Memorandum

Opinion will be entered contemporaneously.

**DONE** this 7th day of May, 2010.


*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

a matter of law.  (*See* Doc. 3 at 6.)  Indeed, in *Matthews v. Ala. Agricultural & Mech. Univ.*, cited
by the Commission, the Supreme Court of Alabama specified that there is no authority "that
recognizes a private cause of action for monetary damages based on violations of the provisions of
the Constitution of Alabama of 1901."  787 So. 2d 691, 698 (Ala. 2000) (citations omitted).